CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 08 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRACEY WHEELER, | ) |
| Plaintiff, | ) Civil Action No. 7:17CV00337 |
| v. | ) **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA, et al., | ) By: Hon. Glen E. Conrad |
| Defendants. | ) Senior United States District Judge |

Tracey Wheeler filed this action against the Commonwealth of Virginia, the Virginia Department of Alcoholic Beverage Control, the Virginia Alcoholic Beverage Control Board (collectively, "ABC"), and David Chrisley. In her complaint, Wheeler asserts claims of discrimination and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and related claims of assault and battery under Virginia law. Chrisley has filed a partial motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion will be granted.

## Background

The following facts, taken from the plaintiff's complaint, are accepted as true for purposes of the pending motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

In June of 2014, Wheeler was hired to work as a sales associate at the ABC store in Bonsack, Virginia. A few weeks later, Wheeler's manager fell and broke her ankle. While she on medical leave, Chrisley filled in as the manager of the Bonsack store. During that time, Chrisley made inappropriate comments about Wheeler's looks and "went on and on about the best

sex positions." Compl. ¶ 15, Docket No. 1. He also massaged Wheeler's hands and fingers on one occasion, while breathing heavily and making a moaning sound. That particular incident caused Wheeler to become physically ill, and she left the store crying. Id. at ¶ 16.

Wheeler complained to a number of ABC employees about Chrisley's behavior. Upon returning from medical leave, Wheeler's manager advised her that she would never have to work with Chrisley again. However, approximately two years later, in the spring of 2016, Wheeler and Chrisley were assigned to work at the same store. Almost immediately, Chrisley began making unwanted sexual advances toward Wheeler. When Wheeler was alone with him one night, Chrisley said that he had the song "Let's Talk About Sex" stuck in his head, and suggested that they go home together. Id. at ¶ 19. Chrisley "licked his lips slowly" while making those comments, and then "began to touch plaintiff's body, poking her in the side and back and arm." Id. Chrisley also cornered Wheeler in the store several times, while "saying 'ooh lala Ms. Wheeler come with me ooh lala,' or some such." Id.

Wheeler once again reported Chrisley's behavior. Despite receiving complaints from Wheeler and other employees, ABC promoted Chrisley to the position of assistant manager at an ABC store in Blacksburg, Virginia. Wheeler alleges that "Chrisley's sexual harassment of [her] and ABC's failure to address the problem created an extremely hostile and offensive work environment and made it difficult for her to do her job." Id. ¶ 31.

Wheeler filed this action against ABC and Chrisley on July 18, 2017. Chrisley is named in Count II of the complaint, in which Wheeler asserts claims of assault and battery under Virginia law. Chrisley has moved to dismiss Count II to the extent that the claims of assault and battery are based on acts that occurred outside the applicable limitations period. Chrisley's motion has been fully briefed and is ripe for disposition.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiffs' favor. Erickson, 551 U.S. at 94; see also Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## Discussion

Chrisley seeks dismissal of Count II to the extent that it is based on incidents of assault or battery that occurred prior to July 18, 2015. In response, Wheeler acknowledges that the applicable limitations period for assault and battery claims is two years, and that "the jury may only award damages for assaults and batteries that occurred within the statute of limitations." Pl.'s Br. in Opp'n 5, Docket No. 36; see also Va. Code § 8.01-243(A). Nonetheless, Wheeler argues that the partial motion to dismiss should be denied, since her assault and battery claims are based on incidents that occurred in 2016. Id. at 6.

In Virginia, assault and battery are considered "two independent torts":

> The tort of assault consists of an act intended to cause either harmful or offensive contact with another or apprehension of such contact, and that creates in that other person's mind a reasonable

3

> apprehension of an imminent battery. The tort of battery is an unwanted touching which is neither consented to, excused, nor justified. Although these two torts go together like ham and eggs, the difference between them is that between physical contact and the mere apprehension of it.

Koffman v. Garnett, 574 S.E.2d 258, 261 (Va. 2003) (citations omitted).

Claims for assault and battery are subject to the two-year limitations period prescribed by Virginia Code § 8.01-243(A). See Townsend v. County of Accomack, No. 2:12cv305, 2013 U.S. Dist. LEXIS 143393, at *4 (E.D. Va. Apr. 29, 2013). The statute of limitations "begins to run when the wrong is committed." Castillo v. Emergency Med. Assocs., P.A., 372 F.3d 643, 646 (4th Cir. 2004) (citing Va. Code § 8.01-230).

In this case, Wheeler asserts claims for assault and battery that are based on acts that occurred in 2016, well within the two-year limitations period. However, Count II, as pled in the complaint, is not limited to such acts. Instead, Wheeler alleges that the actions taken by Chrisley on "each occasion enumerated above," including those in 2014, "constitute assault and battery under the common law of Virginia, for which ... Chrisley is liable." Compl. ¶¶ 41-43 (emphasis added).

It is undisputed that the earlier incidents of alleged assault and battery are not actionable under Virginia law, since they occurred more than two years before the instant action was filed. Thus, Count II is partially time-barred to the extent that it is based on acts that fall outside the limitations period. Accordingly, the court will grant Chrisley's partial motion to dismiss.*

---

\* To the extent the parties disagree as to the admissibility of incidents that occurred outside the applicable limitations period, the court reserves ruling on such issue until the appropriate stage of the proceedings. The court notes, however, that "[s]tatutes of limitations do not operate as an evidentiary bar controlling the evidence admissible at the trial of a timely-filed cause of action." Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 346 (4th Cir. 1994); see also Phyllene W. v. Huntsville City Bd. of Educ., 630 F. App'x 917, 925-26 (11th Cir. 2015) ("Statutes of limitations operate to bar claims that mature outside the limitations period . . . . But, evidence that is relevant to establish claims maturing within [the] limitations period is admissible.") (emphasis in original).

4

## Conclusion

For the reasons stated, Chrisley's partial motion to dismiss will be granted. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 8th day of January, 2018.

_____
Senior United States District Judge