CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 26 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRACEY WHEELER, | ) |
| Plaintiff, | ) Civil Action No. 7:17CV00337 |
| v. | ) **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA, et al., | ) By: Hon. Glen E. Conrad |
| Defendants. | ) Senior United States District Judge |

Tracey Wheeler filed this action against the Commonwealth of Virginia, the Virginia Department of Alcoholic Beverage Control, the Virginia Alcoholic Beverage Control Board (collectively, the "ABC"), and David Chrisley. In her amended complaint, Wheeler asserts claims of gender discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964 against the ABC, and related claims of assault and battery against Chrisley. The case is presently before the court on Chrisley's motion to bifurcate the assault and battery claims for trial. The court held a hearing on the motion via teleconference on April 23, 2018. For the reasons that follow, the motion will be denied.

Chrisley's motion is governed by Rule 42(b) of the Federal Rules of Civil Procedure, which permits the court to order a separate trial on one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under this rule, "the granting of separate trials is within the sound discretion of the trial judge." Bowie v. Sorrell, 209 F.2d 49, 51 (4th Cir. 1953). "The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue

prejudice to any party." F&G Scrolling Mouse, LLC v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C. 1999).

In support of his bifurcation request, Chrisley primarily argues that he will suffer prejudice if the assault and battery claims against him are tried at the same time as the Title VII claims against the ABC. Chrisley seeks to prevent the jury from hearing evidence that Wheeler will likely offer against the ABC in support of her sexual harassment claim, including evidence that Chrisley engaged in inappropriate sexual conduct while working with Wheeler in 2014. Chrisley contends that the alleged misconduct in 2014 falls outside the limitations period applicable to the assault and battery claims, and that evidence regarding these earlier incidents would likely be inadmissible in the case against him.

Having carefully considered the parties' arguments, the court is unable to find that bifurcation is necessary to avoid potential prejudice. Assuming, without deciding, that certain evidence would not be admissible to support Wheeler's claims of assault and battery, "the court can instruct the jury that it may not consider the evidence in rendering a verdict on plaintiff's state law claims." Kidwell v. Sheetz, Inc., No. 3:95CV00083, 1997 U.S. Dist. LEXIS 3183, at *8 (W.D. Va. Mar. 13, 1997). The court has no reason to believe that the jury will be unable or unwilling to follow the court's instructions and consider the evidence only for the limited purposes for which it is admitted. Accordingly, the court is of the opinion that Chrisley's concerns regarding potential prejudice can be addressed by appropriate limiting instructions. See id.; see also Dotson v. Joseph, No. 3:04CV10099, 200 U.S. Dist. LEXIS 58206, at *2-3 (W.D. Va. Aug. 18, 2006) ("[T]he potential for prejudice arising from different claims, for different injuries, entitling Plaintiff to different damages, may be cured by appropriate jury instructions. Indeed, the law presumes that juries will understand and follow instructions.").

The court is also unable to find that bifurcation is warranted on the basis of convenience or judicial economy. This is not a case in which the plaintiff's assault and battery claims are unrelated to her federal claims or involve completely different evidence. Cf. Rezende v. Citigroup Global Mkts., Inc., No. 1:09CV09392, 2011 U.S. Dist. LEXIS 45475, at *23 (S.D.N.Y. Apr. 27, 2011) (bifurcating assault and battery claims in an action involving a dispute over the rightful owner of certain funds and securities since the facts relevant to the assault and battery claims were distinct from those relevant to the claims of ownership). To the contrary, the state tort claims against Whitley substantially overlap with the sexual harassment claim against the ABC. Indeed, the sexual harassment claim is based, at least in part, on the same alleged misconduct by Chrisley. Thus, while bifurcation would relieve Chrisley of some of the burdens and risks associated with jointly defending the case with the ABC, it would likely necessitate the presentation of duplicative testimony and evidence.[1] Accordingly, Chrisley has failed to convince the court that severing the state and federal claims would "promote greater convenience to the parties, witnesses, jurors, and the court," or "be conducive to expedition and economy." Fed. R. Civ. P. 42(b).

For these reasons, Chrisley's motion to bifurcate the assault and battery claims for trial will be denied.[2] The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 26th day of April, 2018.

_____
Senior United States District Judge

---

[1] In her brief in opposition to the pending motion, Wheeler indicates that other ABC employees witnessed one or more of the incidents in the spring of 2016 on which her assault and battery claims are based. For the reasons discussed during the hearing, the court will permit Chrisley to propound an additional interrogatory requesting the identity of any eyewitness to the alleged incidents at issue.

[2] In accordance with the scheduling order, issues of liability and damages will be bifurcated unless all of the parties agree otherwise.