CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2019

JULIA C. DUDLEY, CLERK
BY: /s/ M. Cave
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRACEY WHEELER, | ) |
| Plaintiff, | ) Civil Action No. 7:17CV00337 |
| v. | ) **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA, et al., | ) By: Hon. Glen E. Conrad |
| Defendants. | ) Senior United States District Judge |

On March 21, 2019, a jury returned a verdict in favor of the Commonwealth of Virginia, the Virginia Department of Alcoholic Beverage Control, and the Virginia Alcoholic Beverage Control Board (collectively, the "ABC defendants") on the plaintiff's claim of hostile work environment based on sexual harassment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The ABC defendants have since filed a bill of costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will award the ABC defendants costs in the amount of $2,472.97.

## Procedural History

Tracey Wheeler filed this action against the ABC defendants on July 18, 2017, asserting a claim of hostile work environment under Title VII.[1] Wheeler later amended her complaint to include a claim of retaliation against the ABC defendants. On February 20, 2019, the court granted summary judgment to the ABC defendants on the claim of retaliation. On March 21, 2019, a jury found in favor of the ABC defendants on the hostile work environment claim. On March 25, 2019, the court entered final judgment in favor of the ABC defendants.

---

[1] Wheeler also asserted claims of assault and battery against David Chrisley.

The case is now before the court on the ABC defendants' request for an award of costs in the amount of $5,985.03.[2] The matter has been fully briefed and is ripe for review.

## Summary of the Applicable Law

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." Williams v. Metro Life Ins. Co., 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). The United States Court of Appeals for the Fourth Circuit has recognized that the language of Rule 54(d)(1) gives rise to a "presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). Although the court has the discretion to deny an award of costs, it must "articulat[e] some good reason for doing so," in order to "overcome the presumption." Id. (internal citation and quotation marks omitted). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011). Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." Id. (internal citation and quotation marks omitted).

The particular expenses that may be taxed as costs under Rule 54(d)(1) are set forth in 28 U.S.C. § 1920. That statute provides, in pertinent part, as follows:

---

[2] The ABC defendants originally requested an award of costs in the amount of $6,927.96. They reduced their request in response to the plaintiff's objections.

2

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## Discussion

### I. Requested Costs

In this case, the ABC defendants' bill of costs includes $3,977.15 in transcript fees and $2,007.88 in witness fees and travel expenses. For the following reasons, the court declines to tax a substantial portion of the requested costs.

#### A. Transcript Fees

The first category of expenses includes $3,977.15 in fees paid for obtaining deposition transcripts, daily trial transcripts, and a transcript from the hearing on the defendants' motions in limine.

Section 1920 allows a court to tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The cost of a deposition transcript is generally recoverable if it is "reasonably necessary at the time of its

taking." La Vay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). In this case, the court agrees that all of the depositions, which were of the plaintiff, her former coworkers and managers, and a human resources representative, were reasonably necessary to the litigation at the time they were taken. Accordingly, the fees paid for the deposition transcripts are allowable costs.

The court reaches the same conclusion with respect to the transcript of the pretrial motions hearing. During the hearing, which lasted over an hour and a half, the court orally ruled on a multitude of issues raised in the ABC defendants' motions in limine. Thus, the court finds that the transcript of the hearing was necessarily obtained for use in preparing for trial.

On the other hand, the court declines to tax the costs of the daily trial transcripts ordered by the ABC defendants. While the transcripts may have been helpful to defense counsel in preparing for various aspects of trial, the court is unable to conclude that they were necessary in this particular case. As such, the ABC defendants' bill of costs will be reduced by $1,329.80.

C. **Witness Fees and Travel Expenses**

The defendant also seeks to recover $2,007.88 in witness fees and expenses. A prevailing party may recover fees for witnesses under 28 U.S.C. § 1920(3). Available expenses include attendance, travel, and subsistence fees, as specified in 28 U.S.C. § 1821. The attendance fee for witnesses is $40.00 per day. 28 U.S.C. § 1821.

The majority of the witness fees and travel expenses for which the ABC defendants seek reimbursement are associated with the appearances of John Singleton and Faith Richardson. Richardson appeared as the agency representative for the Commonwealth, and Singleton appeared as the agency representative for the Virginia Department of Alcoholic Beverage Control and the Virginia Alcoholic Beverage Control Board. Although Singleton and Richardson were present

for all four days of trial, they each testified as a witness on only one of those days. Consistent with this court's previous decision in Bellofatto v. Red Robin International, Inc., No. 7:14-cv-00167, 2015 U.S. Dist. LEXIS 76517, at *9 (W.D. Va. June 12, 2015) (Conrad, J.), the court finds that only a portion of the agency representatives' expenses may be taxed against the plaintiff. See Bellofatto, 2015 U.S. Dist. LEXIS 76517, at *9 (noting that "'many courts have determined that [a corporate] representative is entitled to the statutory attendance fee and subsistence provided for witnesses under 28 U.S.C. § 1821, although only for the day or days he appeared as a witness") (alteration omitted) (quoting Honestech, Inc. v. Sonic Solutions, 725 F. Supp. 2d 573, 583 (W.D. Tex. 2010)); see also Goldstein v. Costco Wholesale Corp., No. 1:02-cv-1520, 2004 U.S. Dist. LEXIS 22041, at *13 (E.D. Va. June 14, 2004) ("Where a person serves as both a fact witness and as a corporate representative, the Court may tax costs for the portion of the witness' time when he was serving as a witness and disallow costs for the portion where he served as a corporate representative advising counsel."). Specifically, the costs associated with the appearances of Singleton and Richardson will be reduced by $1,122.41 to account for their dual roles as agency representatives and witnesses.

II. **Plaintiff's Inability to Pay**

In addition to objecting to particular costs requested by the ABC defendants, the plaintiff argues that she is unable to pay the costs for which the ABC defendants seeks reimbursement. The plaintiff has submitted an affidavit indicating that she currently earns $11.00 per hour working at a day support center for disabled individuals, that she has no health insurance or other employment benefits, and that the balance of her checking account is less than $100.00.

It is well settled that indigence does not automatically excuse the losing party from paying the prevailing party's costs. See Flint v. Haynes, 651 F.2d 970, 972 (4th Cir. 1981) (holding that

"a district court is empowered to award costs even when it has previously granted a litigant the benefits" of in forma pauperis status). The power to award costs is a discretionary function of the court, and the court may impose costs against an unsuccessful litigant if the court finds that the litigant has not convinced the court that she "will not ever be able to pay the order imposing costs." McGill v. Faulkner, 18 F.3d 456, 460 (7th Cir. 1994); see also Green v. Winchester Med. Ctr., No. 5:13-cv-00064, 2015 U.S. Dist. LEXIS 5895, at *7 (W.D. Va. Jan. 20, 2015) (Jones, J.) (finding that the plaintiff's financial condition militated against an award of costs in any amount where "the permanent injury suffered by the plaintiff . . . substantially reduced her present and future earnings potential").

In this case, after hearing from the plaintiff and her former co-workers, many of whom testified that she excelled in her job as a sales associate, the court is not convinced that the plaintiff will never be able to pay an order imposing costs against her. Nonetheless, in light of her current financial situation, the court will exercise its discretion to reduce the available costs by 30%. See, e.g. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983) (affirming a partial award of costs against a plaintiff with limited financial resources).

## Conclusion

In accordance with the rulings set forth above, the court will award the ABC defendants costs in the amount of $2,472.97. The court concludes that this award constitutes a fair contribution to the ABC defendants' costs, given the plaintiff's current financial circumstances.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 9th day of August, 2019.

_____
Senior United States District Judge